UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARGARITA SHERRILL and TONY FALSO on behalf of themselves and those similarly situated<br><br>Plaintiffs,<br><br>- vs -<br><br>SUTHERLAND GLOBAL SERVICES INC.; THE SUTHERLAND GROUP LTD.;<br><br>Defendants. | **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>05-CV-____ |

Class Representatives, Margarita Sherrill ("Sherrill") and Tony Falso ("Falso") by their attorney, Stanley J. Matusz, allege and aver as follows:

### NATURE OF CLAIM

1. This is a proceeding for declaratory relief and monetary damages to: redress the deprivation of rights secured to the Named Plaintiffs individually, as well as all other employees similarly situated, under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. et seq. ("FLSA"), and under the New York Labor Law, for failure to pay promised wages and other violations to Named Plaintiffs, individually, as well as other employees similarly situated.

### JURISDICTION, VENUE & PARTIES

2. The original subject matter jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 1331, 28 U.S.C. Section 1343 (3) and (4) conferring original jurisdiction upon this Court of any civil action to recover damages or to secure equitable relief under any Act of the Congress providing for the protection of civil rights; under 28 U.S.C. Section 1337 conferring jurisdiction of any civil action arising under any Act of Congress regulating interstate commerce; and under the Declaratory Judgment Statute, 28 U.S.C. Section 2201.

3.  This Court's pendant jurisdiction of claims arising under the New York State Labor Law is also invoked under 28 U.S.C. Section 1367 because they arise from a common nucleus of operative facts with the federal claims and are so related to the federal claims as to form par of the same case or controversy under Article III of the United States Constitution.

4.  Venue is appropriate in the Western District of New York since the allegations arose in the District, and the Named Plaintiffs and Defendants reside in this District.

## CLASS ACTION ALLEGATIONS

5.  The claims arising under the New York State Labor Law are properly maintainable as a class action under Federal Rule of Civil Procedure 23.

6.  The class is maintainable under subsections (1), (2) and (3) of Rule 23.

7.  The Class (hereinafter referred to as those individuals "similarly situated" or "class members") is defined as those current and former direct and temporary employees of The Sutherland Group Inc./Sutherland Global Services Ltd. ("Sutherland") who were employed in the last six years in New York State; who were suffered or permitted to work by Sutherland for more than forth (40) hours in a week; who were not paid overtime at a rate of one and one-half times their regular rate of pay when such employee worked over forty (40) hours in a week; and whose primary job function was Inside Sales Representative, Lead Generator, and/or Customer Service.

8.  The Class is believed to be over four hundred (400) employees.

9.  The Named Plaintiffs will adequately represent the interests of the Class Members because they are similarly situated to the Class Members, and their claims are typical of, and concurrent to, the claims of the other Class Members.

10. There are no known conflicts of interest between the Named Plaintiffs and the other Class Members.

11. The Class Counsel, Stanley J. Matusz, Esq., is qualified and able to litigate the Class Members' claims.  The Class Counsel concentrates his practice in employment litigation, and has extensive experience in class action litigation involving the prosecution and defense of class and collective action litigation for violations of the Fair Labor Standards Act and New York Labor Law.

12. Common questions of law and fact predominate in this action because the claims of all the Class Members are based on whether Sutherland's failure to properly pay overtime to direct and temporary employees working in excess of forty (40) per week violates the New York Labor Law and other statutes requiring the payment of overtime.

13. The class action is maintainable under subsection (3) of Rule 23(b) because common questions of law and fact predominate among the Class Members and because the class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## PARTIES

14. Sutherland is a corporation and has a principal place of business located at 1160 Pittsford Victor Road, Pittsford, New York 14534.  Sutherland engages in a business that services clients in the Western District of New York, employed Named Plaintiffs and other Class Members in the Western District of New York, and maintains facilities in Pittsford, Henrietta, Rochester, and Syracuse New York.

15. Sutherland is an enterprise engaged in interstate commerce whose annual gross volume of sales is not less than $500,000.

16. At all times relevant to this action, Sutherland was the employer of the Named Plaintiffs and those similarly situated within 29 U.S.C. Section 203(d) and comprised an "enterprise" engaged in interstate commerce or the production of goods for commerce as defined in 29 U.S.C. Sections 203(r) and (s).

17. This Complaint provides written notice that, pursuant to Section 630 of the New York Business Corporations Law, Named Plaintiffs and all putative plaintiffs intend to hold the ten largest shareholders of Sutherland personally liable for all unpaid wages.

18. At all relevant times, Named Plaintiffs Sherrill and Falso were employees under the FLSA and the New York Labor Law.

19. Named Plaintiff Sherrill is a resident of the State of New York, residing at 10 Marjorie Court, Rochester, New York 14620.

20. Named Plaintiff Falso is a resident of the State of New York, residing at 162 Fox Run, Rochester, New York 14606.

21. The Class Members are those employees similarly situated to Named Plaintiffs, as set forth above.

### FACTS

22. Named Plaintiffs and Class Members were employed by Sutherland as an Inside Sales Representatives and Customer Services Representative.

23. Throughout their tenures with Sutherland, Named Plaintiffs and the Class Members consistently worked in excess of forty (40) hours in a week.

24. Named Plaintiffs and the Class Members were not compensated at the regular or statutory rate for hours they worked over forty (40) hours in a week.

25. Sutherland refused to pay Named Plaintiffs and the Class Members overtime for those hours worked in excess of forty (40).

26. It is the policy and practice of Sutherland to willfully deprive Named Plaintiffs and the Class Members at a rate of one-and-a-half times their regular rate of pay for all hours worked in excess of forty (40).

27. Aspects of this policy include, but are not limited to, depriving employees of overtime pay for hours worked in excess of forty (40) by manually altering time entries of those employees, and failing to account for commission and bonus payments in the regular rate calculation for overtime payment purposes.

28. Sutherland's policy is not to ensure that it pays overtime according to the law.

29. This policy applies to all employees of Sutherland similarly situated.

30. Sutherland's policy of not paying statutory overtime to employees similarly-situated is long-standing and, upon information and belief, has been in effect for at least six years.

31. Sutherland's practice is to be deliberately indifferent to these violations of the statutory overtime requirements.

32. Sutherland's deprivation of proper overtime as required by the FLSA and New York Labor Law is willful.

## AS AND FOR A FIRST CLAIM
## FAIR LABOR STANDARDS ACT

33. Named Plaintiffs reallege the above paragraphs as if fully restated herein.

34. Sutherland willfully violated its obligations under the FLSA and is liable to Named Plaintiffs and those similarly situated.

## AS AND FOR A SECOND CLAIM
## NEW YORK LABOR LAW CLAIM

35. Named Plaintiffs reallege the above paragraphs as if full restated herein.

36. Sutherland willfully violated its obligations under the FLSA and is liable to Named Plaintiffs and those similarly-situated.

## TRIAL BY JURY

**37.** Named Plaintiffs demand a trial by jury on all claims properly triable by a jury.

**WHEREFORE,** Named Plaintiffs respectfully request that upon trial this Court enter judgment against Sutherland in favor of themselves and those similarly-situated, and that they and those similarly situated be given the following relief:

a. An order preliminarily and permanently restraining Sutherland from engaging in the aforementioned pay violations;

b. An award of the value of Plaintiffs' unpaid wages, including fringe benefits;

c. Liquidated damages under the FLSA equal to the sum of the amount of the wages and overtime which were not properly paid to the Plaintiffs;

d. For those Plaintiffs who opt-in to an FLSA collective action, 25% liquidated damages under the New York Labor Law;

e. An award of reasonable attorneys' fees, expenses, expert fees and costs incurred in vindicating the rights of Named Plaintiffs and those similarly-situated;

f. An award of pre and post judgment interest;

g. Granting such additional relief as this Court deems just and proper.

Dated:   Rochester, New York
         October 11, 2005

By:   /s/Stanley J. Matusz
      Stanley J. Matusz
      *Attorney for Plaintiffs*
      161 Rutgers Street
      Rochester, NY 14607
      Ph: 585-271-5460
      smatusz@rochester.rr.com